UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HENRY ANTHONY WASHINGTON
BROWN,

    Plaintiff,

v.                                      Case No.  4:21-cv-202-MW-MJF

STATE OF FLORIDA DEPARTMENT
OF MOTOR VEHICLE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with two court orders, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.[1]

### I. BACKGROUND

On May 17, 2021, Plaintiff initiated this section 1983 action against the State of Florida Department of Motor Vehicles ("DMV"). (Doc. 1). Because Plaintiff's complaint is ambiguous in many respects, the following is the undersigned's attempt to decipher Plaintiff's factual allegations.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

In 1999, the DMV "lawfully and rightfully" suspended Plaintiff's Florida driver's license due to his failure to pay child support. (*Id.* at 4). Subsequently, Plaintiff accumulated "multiple driving without a license citations," which caused him "to go to the Department of Corrections" and pay substantial fines. (*Id.*). A Florida court declared Plaintiff to be a habitual traffic offender, and either that court or the DMV suspended Plaintiff's driver's license for "an additional 5 years." (*Id.* at 5). Plaintiff contends that he should not be classified as a habitual traffic offender and that so classifying him constitutes "cruel and unusual punishment" and violates his right to due process. Plaintiff requests that the District Court order the DMV to reclassify some of Plaintiff's traffic infractions and allow Plaintiff to apply for a Florida driver's license. (*Id.* at 6).

In his complaint, Plaintiff did not separate into a different count each cause of action or claim for relief; he did not utilize numbered paragraphs, each limited as far as practicable to a single set of circumstances; and his factual allegations were conclusory and difficult to decipher. Thus, on August 2, 2021, the undersigned ordered the clerk of court to strike Plaintiff's complaint as a so-called "shotgun pleading" and ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal. (Doc. 5). The undersigned imposed a deadline of September 2, 2021. The undersigned warned Plaintiff that failure to comply likely would result in dismissal of this action for failure to comply with the undersigned's order, failure to comply

with the Federal Rules of Civil Procedure, and failure to state a claim upon which relief can be granted. (*Id.* at 8). Plaintiff did not comply with the undersigned's order.

On September 10, 2021, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of August 2, 2021. (Doc. 6). The undersigned again warned Plaintiff that failure to comply with the undersigned's order likely would result in dismissal of this action for failure to comply with the undersigned's order, failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to state a claim upon which relief can be granted. (*Id.*). The undersigned imposed a deadline of September 24, 2021. As of the date of this order, Plaintiff has failed to comply with the undersigned's orders.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*,

370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On August 2, 2021, the undersigned ordered Plaintiff to file either an amended complaint or a notice of voluntary dismissal. Despite having over two months to comply with the undersigned's order, Plaintiff has not prosecuted this action in any respect. He has not complied with the undersigned's order of August 2, 2021 or the order of September 10, 2021. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action and has failed to comply with two court orders, the undersigned respectfully **RECOMMENDS**:

1. This case be **DISMISSED** without prejudice.
2. The clerk of the court be directed to enter judgment accordingly and close the case file.

At Pensacola, Florida, this <u>4th</u> day of October, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**